UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF PHYSICS TEACHERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL SCIENCE FOUNDATION, et al., <br><br> Defendants. | Civil Action No. 25-1923 (JMC) |

### DEFENDANTS' MOTION TO BE RELIEVED FROM LOCAL RULE 7(N)

Pursuant to the Court's August 5, 2025, Minute Order, Defendants, the National Science Foundation and Brian Stone, Senior Official Performing the Duties of the National Science Foundation Director (collectively, the "Foundation"), respectfully move to be excused from Local Civil Rule 7(n)(1)'s requirement to file a certified list of an administrative record and serves an administrative record on Plaintiff. Pursuant to Local Civil Rule 7(m), the Foundation and Plaintiffs conferred, via counsel, and Plaintiffs indicate that they oppose this request.

"In cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court . . . simultaneously with the filing of a dispositive motion[.]" LCvR 7(n)(1). Where, as here, "the administrative record is unnecessary to decide the threshold legal questions presented by the pending motion to dismiss," the Court may relieve the agency from that requirement. *Htet v. Trump*, Civ. A. No. 24-1446(RC), 2025 WL 522033, at *9 (D.D.C. Feb. 18, 2025) (citation modified); *see also Connecticut v. Dep't of Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (granting government's motion to waive compliance with Local Civil Rule 7(n) because the Court did not need to consider the administrative record in evaluating the motions

before it); *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017) (same); *Carroll v. Off. of Fed. Contract Compliance Programs, Dep't of Labor*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017); *PETA v. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014) (waiving compliance with Local Civil Rule 7(n) and dismissing complaint).

An administrative record is not necessary to resolve the Foundation's Motion to Dismiss (ECF No. 15) or Plaintiffs' Motion for Preliminary Injunction (ECF No. 3). Specifically, the Foundation argues the Court lacks subject-matter jurisdiction because the Plaintiffs lack standing, Mot. to Dismiss (ECF No. 15) at 8-15, and judicial review is not available in this case under the Administrative Procedure Act, *id.* at 15-32. The Foundation's motion to dismiss relies on the non-conclusory factual allegations in the Complaint (ECF No. 2-1), documents incorporated by reference, or facts upon which the Court may take judicial notice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (presuming all well-pleaded allegations to be true at the pleading stage).

Moreover, the Court should first determine whether it has jurisdiction over this case before requiring the Foundation to compile and certify an administrative record. The Court must determine that it has jurisdiction before proceeding to the merits because "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation modified). That jurisdictional determination "is always an antecedent question to be answered prior to any merits inquiry." *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 318 (D.C. Cir. 2012) (citation modified). Thus, the Court must first determine whether it has jurisdiction given that the Foundation argues in the first instance that no judicial review is available here.

Finally, an administrative record is immaterial to resolving Plaintiffs' allegations that the Foundation "is withholding actions it is legally required to take[.]" Opp'n to Mot. to Dismiss (ECF No. 21) at 21 n.10. The requirement of the local rules to produce an administrative record with

the filing of the dispositive motion does not apply because that requirement applies only "[i]n cases involving the judicial review of administrative agency actions[.]" Local Civ. R. 7(n)(1). Where a plaintiff, like Plaintiffs here, asserts that "an agency fails to act, there is no 'administrative record' for a federal court to review." *Nat'l Law Ctr. on Homelessness & Poverty v. Dep't of Veterans Affs.*, 842 F. Supp. 2d 127, 130 (D.D.C. 2012) (citing *Telecomms. Research & Action Ctr. v. F.C.C.*, 750 F.2d 70, 79 (D.C.Cir.1984)). As a result, waiving the requirement to file a certified list of the administrative record and serve the administrative record at this juncture would promote judicial economy and conserve resources.

For these reasons, the Foundation respectfully requests that the Court excuse the Foundation from the requirements of Rule 7(n) until further order by the Court.

Dated: August 5, 2025  Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:  /s/ *Dimitar P. Georgiev*
DIMITAR P. GEORGIEV, D.C. Bar # 1735756
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 815-8654

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF PHYSICS TEACHERS, INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONAL SCIENCE FOUNDATION, et al.,<br><br>　　　　Defendants. | Civil Action No. 25-1923 (JMC) |

## **[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' motion to be excused from the requirements of Local Civil Rule 7(n), and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED, and it is further

ORDERED that Defendants are excused from the requirements of Local Civil Rule 7(n) until further order by the Court.

SO ORDERED:

_____  　　　　　　　_____
Date　　　　　　　　　　　　　　　　　JIA M. COBB
　　　　　　　　　　　　　　　　　　　　United States District Judge