UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF PHYSICS TEACHERS, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> NATIONAL SCIENCE FOUNDATION, et al., <br><br> *Defendants*. | Case No. 1:25-cv-01923-JMC |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO BE EXCUSED FROM THE LOCAL RULE 7(n) REQUIREMENT TO FILE A CERTIFIED LIST OF CONTENTS OF THE ADMINISTRATIVE RECORD WITH A DISPOSITIVE MOTION**

As the Court recognized, Defendants already violated the Local Civil Rule 7(n) requirement that they "file a certified list of the contents of the administrative record with the Court … simultaneously with the filing of a dispositive motion." *See* LCvR 7(n). Defendants filed the instant motion for relief from the Local Rule only after this Court ordered them to either file the required certified list, or file such a motion. The Court should deny Defendants' motion and require them to promptly comply with LCvR 7(n) so this case can move efficiently to final judgment.

The Court can grant Plaintiffs' Motion for Preliminary Injunction (ECF 3) and deny Defendants' Motion to Dismiss (ECF 15) based on the record before it, for the reasons set forth in Plaintiffs' motions papers and at oral argument. But Local Rule 7(n) requires production of at least a list of record contents with the filing of any dispositive motion. Even if not necessary for

1

the pending motions,[1] Defendants' preparation of the record will be necessary to move Plaintiffs' APA claims to final judgment. In response to the Court's question, however, counsel for the government stated at oral argument that he had no idea what is in the administrative record – strongly suggesting Defendants have taken no steps whatsoever to compile and prepare the record. Defendants have already delayed providing a list of record contents by effectively granting themselves an extension from the Local Rule without seeking leave of Court, until the Court ordered them to do so. *See* Minute Order (Aug. 5, 2025). The Court should not permit further delay that will stall this case's progress. *See, e.g., Smalls v. Stackley*, No. CV 17-606 (JDB), 2017 WL 11671618, at *1 n.1 (D.D.C. Sept. 5, 2017) (finding defendant who did not comply with LCvR 7(n) "should correct this error forthwith" while motion to dismiss was pending); *accord Farrell v. Tillerson*, 315 F. Supp. 3d 47, 71–72 (D.D.C. 2018) (denying motion for relief from LCvR 7(n) as moot after denying motion to dismiss and ordering defendants to comply with the rule).

The Court should deny Defendants' motion and order them to promptly comply with Local Civil Rule 7(n).

//
//
//
//
//
//

---

[1] Of course, Plaintiffs do not know what Defendants will include in the administrative record and so cannot know that it will not support their opposition to the motion to dismiss.

August 13, 2025                                    Respectfully submitted,

                                                /s/ *Steven Y. Bressler*
Steven Y. Bressler (D.C. Bar No. 482492)
Tsuki Hoshijima
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
sbressler@democracyforward.org
thoshijima@democracyforward.org

Nathan L. Walker (*pro hac vice*)
Celine Purcell (*pro hac vice*)
Emily Kirk (*pro hac vice*)
Gil Walton (*pro hac vice*)
Heather C. Bates (*pro hac vice* forthcoming)
THE NORTON LAW FIRM PC
300 Frank H. Ogawa Plaza, Suite 450
Oakland, CA 94612
Telephone: (510) 906-4900
nwalker@nortonlaw.com
cpurcell@nortonlaw.com
ekirk@nortonlaw.com
gwalton@nortonlaw.com
hbates@nortonlaw.com

*Attorneys for Plaintiffs*