UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF PHYSICS TEACHERS, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> NATIONAL SCIENCE FOUNDATION, et al., <br><br> *Defendants*. | No. 1:25-cv-01923 (JMC) |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respond to Defendants' notice of supplemental authority, ECF No. 33, about the Supreme Court's recent stay decision in *National Institutes of Health v. American Public Health Ass'n*, No. 25A103 (U.S. Aug. 21, 2025).

In that case, plaintiffs in two consolidated actions challenged a funding policy and resulting grant terminations by the National Institutes of Health ("NIH"). *See Am. Pub. Health Ass'n v. NIH*, 145 F.4th 39, 43 (1st Cir. 2025). The district court entered judgment in both actions after concluding that the funding policy and resulting grant terminations were arbitrary and capricious under the Administrative Procedure Act ("APA"). *Am. Pub. Health Ass'n v. NIH*, No. 1:25-CV-10787-WGY, 2025 WL 1747128 (D. Mass. June 23, 2025); *Massachusetts v. Kennedy*, No. 1:25-CV-10814-WGY, 2025 WL 1747213 (D. Mass. June 23, 2025).

The Supreme Court partially granted the federal government's application for a stay pending appeal of the district court's judgments. The Supreme Court stayed the parts of the district court's judgments vacating NIH's grant terminations, but it denied a stay as to the parts of

1

the district court's judgments declaring unlawful and vacating NIH's policy directives. *See* ECF No. 33-1 at 2 (granting stay pending appeal only of certain paragraphs in the district court judgments). Justice Barrett, who provided the controlling fifth vote for that split disposition, explained that the district court likely had jurisdiction over APA claims challenging NIH's policy guidance. *Id.* at 5 (Barrett, J., concurring).

Contrary to Defendants' argument in their notice of supplemental authority, the Supreme Court's stay decision does not warrant dismissal of this case. The Supreme Court's decision supports, not undermines, this Court's exercise of jurisdiction over Plaintiffs' APA claims challenging the National Science Foundation's ("NSF's") Change in Priorities Decision. The Supreme Court's decision has no bearing on Plaintiffs' constitutional and APA contrary-to-law claims, which are based on the Constitution and the statutes governing NSF rather than on grant agreements, because the district court judgments at issue in *American Public Health Ass'n* were based only on APA arbitrary-and-capricious claims. Finally, as to Plaintiffs' APA arbitrary-and-capricious claim challenging NSF's Mass Termination Action, the Supreme Court's stay decision is only a preliminary decision that does not purport to overrule *Bowen v. Massachusetts*, 487 U.S. 879 (1988), which remains good law. *See Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring) (a stay order "is not a ruling on the merits"); *United States v. Hatter*, 532 U.S. 557, 567 (2001) ("[I]t is [the Supreme] Court's prerogative alone to overrule one of its precedents.") (cleaned up).

Respectfully submitted,

  /s/ Tsuki Hoshijima
Steven Y. Bressler (D.C. Bar No. 482492)
Tsuki Hoshijima
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043

(202) 448-9090
sbressler@democracyforward.org
thoshijima@democracyforward.org

Nathan L. Walker (*pro hac vice*)
Celine Purcell (*pro hac vice*)
Emily Kirk (*pro hac vice*)
Gil Walton (*pro hac vice*)
Heather C. Bates (*pro hac vice*)
THE NORTON LAW FIRM PC
300 Frank H. Ogawa Plaza, Suite 450
Oakland, CA 94612
Telephone: (510) 906-4900
nwalker@nortonlaw.com
cpurcell@nortonlaw.com
gwalton@nortonlaw.com
ekirk@nortonlaw.com
hbates@nortonlaw.com

*Attorneys for Plaintiffs*