**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN ASSOCIATION OF PHYSICS TEACHERS, INC., *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>NATIONAL SCIENCE FOUNDATION, *et al.*,<br><br>　　　　　Defendants. | Case No. 25-cv-1923 (JMC) |

**ORDER**

The Court has discussed the background of this case in its prior memorandum opinion denying the motion for a preliminary injunction. ECF 35. The Court now evaluates Defendants' motion to dismiss, ECF 15, which is **GRANTED** in part and **DENIED** in part as follows:

First, the motion is **GRANTED** in part and **DENIED** in part as to Count I, challenging agency action as arbitrary, capricious, or an abuse of discretion, and Count II, challenging agency action as contrary to law under the Administrative Procedure Act (APA). ECF 2-1 ¶¶ 151–70. The motion is **GRANTED** as to Plaintiffs' retrospective claims under these Counts challenging the loss of their grant funding because the Court lacks jurisdiction over those claims, as explained in the Court's prior opinion. ECF 35 at 14–25. The motion to dismiss is **DENIED** as to Plaintiffs' prospective claims under these Counts challenging the Change in Priorities Decision as arbitrary and capricious and contrary to law. The Court finds that Plaintiffs have met their burden to state a claim for relief that survives the motion to dismiss. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring a complaint to "state a claim to relief that is plausible on its face").

First, Plaintiffs have plausibly alleged a contrary-to-law claim. 5 U.S.C. § 706(2)(A); ECF 2-1 ¶¶ 8, 10–11, 167–68. The National Science Foundation's "Statement of NSF priorities,"

known as the Change in Priorities Decision, states that the Foundation's activities "should not preference some groups at the expense of others" and that "[r]esearch projects with more narrow impact limited to subgroups of people based on protected class or characteristics do not effectuate NSF priorities." NSF, Statement of NSF Priorities, https://perma.cc/D4K4-69AQ. Plaintiffs argue that, by adopting this Decision, Defendants have violated statutory provisions requiring Defendants to "broaden[] participation of women and underrepresented populations in STEM." ECF 2-1 ¶ 32; *see, e.g.*, 42 U.S.C. § 1862s-5(e) (requiring the Foundation to "make awards" to "increase the recruitment, retention, and advancement of individuals from underrepresented minority groups in academic STEM careers"). Plaintiffs also allege that the Decision is inconsistent with the Foundation's statutory mandate to "apply a broader impacts review criterion" to assess whether projects "[e]xpand[] participation of . . . underrepresented groups in STEM," 42 U.S.C. § 1862p-14(a), and that the Foundation is refusing to consider funding statutorily mandated programs aimed at increasing such participation, *id.* § 19012(a) (requiring the Foundation to "make awards" to facilitate networks and partnerships that "broaden[] participation in STEM studies and careers" of historically underrepresented groups). Because Plaintiffs have plausibly alleged that the Foundation has not "act[ed] in accordance" with the statutes governing the agency, Plaintiffs have stated a claim that Defendants' actions have violated the APA. *Zaid v. Exec. Off. of the President*, No. 25-cv-1365, 2025 WL 3724884, at *14–15 (D.D.C. Dec. 23, 2025).

Plaintiffs have also plausibly alleged an arbitrary-and-capricious claim. Plaintiffs argue that the Decision contained "no indicia of reasoned decision making," failed to "acknowledge[] its change in position" from prior Foundation priorities, and failed to consider the "substantial reliance interests" of grant applicants at stake. ECF 2-1 ¶¶ 160–63. Plaintiffs' arbitrary-and-capricious claim is not so "facially implausible that it can be dismissed without review of the

administrative record." *Luna Gutierrez v. Noem*, No. 25-cv-1766, 2025 WL 3497016, at *24 (D.D.C. Dec. 5, 2025). The Court has also previously explained why it has jurisdiction over these prospective claims under Counts I and II and why Plaintiffs have standing to bring these claims. ECF 35 at 25–27, 29–32. While the Court previously stated that Plaintiffs have not demonstrated irreparable harm sufficient to justify a preliminary injunction on the basis of such claims, *id.* at 32–34, no such requirement exists for those claims to survive a motion to dismiss.

Next, the motion is **GRANTED** as to Count III, unlawfully withholding agency action under the APA, and Count VII, Equitable Relief for Ultra Vires Action against Defendant Stone. ECF 2-1 ¶¶ 171–75, 202–05. The Court's prior opinion did not address those claims as they were not raised in Plaintiffs' preliminary injunction motion. ECF 35 at 13 n.3 (noting that Plaintiffs did not rely on those counts in their preliminary injunction motion).

For Count III, Plaintiffs have failed to state a claim under 5 U.S.C. § 706(1) for agency action unlawfully withheld. Plaintiffs have not demonstrated that Defendants "fail[ed] to carry out a mandatory, nondiscretionary duty." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 61 (2004). As described above, Plaintiffs argue that the Foundation must consider certain statutory priorities and fund certain programs. But they have failed to allege that Defendants have wholly withheld those statutorily required actions, as opposed to merely shifting the amounts or types of awards within the agency's discretion. Plaintiffs conceded that the Foundation continues to make at least some grants in the required categories. *See* ECF 2-1 ¶ 74 (noting that the Foundation has terminated grants "for about two thirds" of the alliances in a diversity-related program); *id.* ¶ 67 (describing how the Foundation terminated about $1 billion of grants out of its $9 billion budget).

Similarly, for Count VII, Plaintiffs have also failed to state an equitable ultra vires claim. As the D.C. Circuit has explained, an ultra vires claim is only viable if "the agency plainly acts in

3

excess of its delegated powers and contrary to a specific prohibition in the statute that is clear and mandatory." *Nyunt v. Chairman, Broad. Bd. of Governors*, 589 F.3d 445, 449 (D.C. Cir. 2009). Plaintiffs' ultra vires argument is essentially a "repackaging of their APA claims." *Carter v. U.S. Dep't of Educ.*, No. 25-cv-744, 2025 WL 1453562, at *14 (D.D.C. May 21, 2025). Their ultra vires claim fails because, as described above regarding Count III, they have failed to identify any agency action that "go[es] beyond mere legal or factual error and amount[s] to a clear departure by the agency from its statutory mandate" or is "blatantly lawless." *Fed. Express Corp. v. U.S. Dep't of Com.*, 39 F.4th 756, 764 (D.C. Cir. 2022).

Finally, the motion is **GRANTED** as to Plaintiffs' constitutional claims, <u>Count IV</u>, Separation of Powers, Spending and Appropriation Clauses, <u>Count V</u>, Procedural Due Process, and <u>Count VI</u>, Due Process, Void for Vagueness for the reasons explained in its prior memorandum opinion. ECF 2-1 ¶¶ 176–201; ECF 35 at 34–41.

In sum, Defendants' motion to dismiss, ECF 15, is:

- **GRANTED** in part and **DENIED** in part as to Counts I and II; and

- **GRANTED** as to Counts III, IV, V, VI, and VII of Plaintiff's Complaint.

The Parties are **ORDERED** to confer and file a joint status report setting forth a proposed briefing schedule for further proceedings by **April 24, 2026**, including deadlines for compiling the administrative record and summary judgment briefing.

    **SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: March 25, 2026